IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Darrion Deshon Lee Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph Joyce, Warden, et al., | ) | Case No. 1:25-cv-128 |
| | ) | |
| Defendants. | ) | |

On June 9, 2025, Plaintiff Darrion Deshon Lee Jackson ("Jackson") filed what the court construes as a motion to reduce the civil filing fee and to extend filing deadlines indefinitely. (Doc. No. 9). For the reasons that follow, the motion is denied.

I.  **BACKGROUND**

Jackson is an inmate at the North Dakota State Penitentiary. On May 30, 2025, he initiated the above-captioned civil rights action *pro se* by lodging with the court a motion for leave to proceed *in forma pauperis*. (Doc. No. 1). On June 2, 2025, he lodged a Complaint. (Doc. No. 2 and 7). On June 3, 2025, the court granted his motion to proceed *in forma pauperis*, assessing him an initial partial filing fee of $4.42 and requiring him to pay the remainder of the $350.00 civil filing fee in installments pursuant to 28 U.S.C. § 1915(b)(2). (Docket No. 6).

On June 9, 2025, Jackson filed what the court construes as a motion to reduce his civil filing fee and to extend filing deadlines indefintely. (Doc. No. 9). Specifically, he requests a "waive[r] of any future payments going forward with this case" and "an extension on any of [his] filings in this case due to [him] being in segretaion and not having access to the law library." (Id.).

## II.     DISCUSSION

### A.     Filing Fee

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee" as provided in 28 U.S.C. § 1915(b). "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Nothing in the PLRA permits suspension or waiver of the monthly installment payments required by § 1915(b)(2).  See Ippolito v. Buss, 293 F. Supp. 2d 881, 883 (N.D. Ind. 2003) (holding that the court could not postpone prisoner's obligation to make monthly installment payments as required by § 1915(b)); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 955 (D. Neb. 2001) (stating that nothing in the PLRA authorizes the court to stop collection of the filing fee once a prisoner is permitted to proceed *in forma pauperis*).  Consequently, the court cannot reduce or waive his filing fee.

Moreover, the court does not view Jackson's circumstances to be particularly unique. Section 1915(b)(2) sets the amount of his installments at twenty percent of monthly income once it reaches a threshold amount.  Specifically, it provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. 1915(b)(2).  Consequently, Jackson's installment payments should not consume the entirety of his income or deplete his prison accounts.

### B. Extension of Time

Jackson next requests an extension of deadlines on his future filings. The court is presently disinclined to grant such a request. First, there are no filing deadlines to which Jackson is currently subject as the court has yet to screen Jackson's Complaint as required by 28 U.S.C. § 1915A. Second, Jackson does not indicate exactly how long of an extension he seeks. Third, it is unclear at present how Jackson's present confinement in administrative segregation would prevent him from meeting any deadlines to which he may be subject in the future.

### III. CONCLUSION

Jackson's motion to reduce the civil filing fee and to extend filing deadlines indefinitely (Doc. No. 9) is **DENIED**.

Dated this 13th day of June, 2025.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court